UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CARLOS RODRIGUEZ and ANGEL RODRIGUEZ,                **AMENDED**
                                                    **COMPLAINT**
                                    Plaintiffs,

                                                    17 CV 1179
              -against-                             (FB) (RLM)

                                                    <u>Jury Trial Demanded</u>

CITY OF NEW YORK, THOMAS UNDERWOOD, Individually,
JOSEPH IABONI, Individually, MATTHEW JOZWICKI,
Individually, DEVIN LONG, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

       Plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ, by their attorneys, Brett

H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## <u>Preliminary Statement</u>

       1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert

supplemental state law claims.

## <u>JURISDICTION</u>

       2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CARLOS RODRIGUEZ is a twenty-nine-year old Hispanic American man residing in Queens, New York.

7.      Plaintiff ANGEL RODRIGUEZ is a twenty-seven-year old Hispanic American man residing in Queens, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants, THOMAS UNDERWOOD, JOSEPH IABONI, MATTHEW JOZWICKI, DEVIN LONG, and JOHN and JANE DOE 1 through 10, were duly sworn officers of said department and were acting under the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.     On December 2, 2015, beginning at approximately 10:00 a.m., on Rockaway Boulevard and 128th Street, South Ozone Park, Queens, New York, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ, were unlawfully shot at and arrested by or in the presence of defendant NYPD officers THOMAS UNDERWOOD, JOSEPH IABONI, MATTHEW JOZWICKI, and DEVIN LONG.

14.     Plaintiffs' two pet dogs were also needlessly shot by the police, with one of them being tragically killed for no reason, and the other being shot and removed from the defendants' custody for an extended period of time without any just cause.

15.     Plaintiffs were present at the aforementioned-location because they had followed an individual who had just burglarized their home.

16.     Plaintiffs had called 911 for police assistance, and had cornered the individual at the above location and were waiting for the police to arrive.

17.     Plaintiffs had two pet dogs with them named Hectic and Coco.

18.     When the defendant officers arrived, both dogs were near the plaintiffs.

19.     Upon exiting their police vehicle, the defendant officer who was driving the vehicle yelled, in sum and substance, "grab the dog.  Grab the dog."

20.     Plaintiff CARLOS ROGRIGUEZ complied and turned to grab Hectic, when

3

defendant UNDERWOOD, in the presence of his partner, defendant JOSEPH IABONI, suddenly, without warning, and unreasonably fired his gun at plaintiffs and their dogs, discharging approximately six or more rounds.

21. At the time the officer fired his gun, neither the dogs nor plaintiffs presented a threat.

22. The officer's firing of his weapon was unreasonable, excessive, and resulted in injuries to plaintiffs and their dogs.

23. Plaintiff CARLOS ROGRIGUEZ sustained a gunshot wound to his right wrist.

24. Plaintiff ANGEL RODRIGUEZ sustained a gunshot wound to his right knee.

25. Tragically, Hectic sustained gunshot wounds to his head, resulting in his death.

26. Coco sustained a gunshot wound to her right back leg, but luckily survived.

27. At some point after the shots were fired, additional officers including, but not limited to, defendant MATTHEW JOZWICKI, arrived at the scene.

28. After unreasonably and unnecessarily shooting plaintiffs, defendant officers ordered plaintiff ANGEL RODRIGUEZ to get on the ground and handcuffed him.

29. After CARLOS RODRIGUEZ secured Coco, defendant officers rushed him, placed him on the ground, and handcuffed him.

30. Plaintiffs were transported in police custody from the scene of the incident to Jamaica Hospital Center, where they received treatment for the gunshot wounds that were needlessly inflicted upon them.

31. Plaintiffs were discharged from Jamaica Hospital in the evening and were thereafter transported in police custody to the 106th Police Precinct and imprisoned therein.

32. Plaintiffs remained imprisoned at the 106th Precinct for approximately four more

4

hours under the arrest of defendant DEVIN LONG before they were released without any charges being filed against them.

33.     Defendants THOMAS UNDERWOOD, JOSEPH IABONI, MATTHEW JOZWICKI, DEVIN LONG, and JOHN and JANE DOE 1 through 10 participated in, or were present or otherwise aware of the incident, and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

34.     Defendant MATTHEW JOZWICKI, who held the rank of sergeant, supervised defendants THOMAS UNDERWOOD, JOSEPH IABONI, DEVIN LONG, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

35.     Defendants THOMAS UNDERWOOD, JOSEPH IABONI, MATTHEW JOZWICKI, DEVIN LONG, and JOHN and JANE DOE 1 through 10 owed a duty to plaintiffs to ensure their safety in their custody.

36.     Defendants THOMAS UNDERWOOD, JOSEPH IABONI, MATTHEW JOZWICKI, DEVIN LONG, and JOHN and JANE DOE 1 through 10 breached their duty to plaintiffs, resulting in plaintiffs sustaining the above described physical injuries.

37.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of employing excessive force, and falsification.

38.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive

media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, including the proper use of their service weapons, and engage in a practice of falsification.

39.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

40.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf.   Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

41.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to

6

violate the plaintiffs' civil rights.

42.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

43.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44.     All of the aforementioned acts deprived plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL

RODRIGUEZ sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individual Defendants)

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants arrested plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

51.     Defendants caused plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ to be falsely arrested and unlawfully imprisoned.

52.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Underwood)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The level of force employed by defendant THOMAS UNDERWOOD was excessive, objectively unreasonable and otherwise in violation of plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ'S constitutional rights.

55.     As a result of the aforementioned conduct of defendant Underwood, plaintiffs

CARLOS RODRIGUEZ and ANGEL RODRIGUEZ were subjected to excessive force and sustained physical injuries.

56.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individual Defendants)

57.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

61.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983 against Defendant Jozwicki</u>)

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants, including but not limited to defendant MATTHEW JOZWICKI, personally caused plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York</u>)

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force and engaging in a practice of falsification.

68.     In addition, the City of New York engaged in a policy, custom or practice of

10

inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ were detained, subjected to excessive force, and imprisoned without probable cause.

73.     Defendants, collectively and individually, while acting under color of state law,

11

were directly and actively involved in violating plaintiffs CARLOS RODRIGUEZ and ANGEL

RODRIGUEZ'S constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiffs CARLOS

RODRIGUEZ and ANGEL RODRIGUEZ of federally protected rights, including, but not

limited to, the right to be free from the use of excessive force and/or the failure to intervene.

75.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL

RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

76.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served

upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all

facts and information required under the General Municipal Law 50-e.

78.     The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

80.     Plaintiffs have complied with all conditions precedent to maintaining the instant

action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York against All Defendants)

82.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendants arrested plaintiffs without probable cause.

84.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

85.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

86.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.     The individually named defendants caused the wrongful arrests of plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

88.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against All Defendants)

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent

13

harmful and offensive bodily contact.

91.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.     The individually named defendants assaulted plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

93.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York against All Defendants)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendants made offensive contact with plaintiffs without privilege or consent.

96.     As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.     The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

98.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

99.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

101.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

102.     As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

103.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

15

105.    As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against All Defendants)

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

109.    As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of NYS Constitution against Defendant City of New York Article 1 §12)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

16

111.   As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

112.   As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Trespass to Chattels Under the Laws of the State of New York Against All Defendants)

113.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   Defendants intentionally interfered with plaintiffs' chattel, Hectic and Coco, when they wrongfully killed Hectic, and needlessly injured Coco and removed Coco from defendants' possession.

115.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' misconduct under the doctrine of *respondeat superior*.

116.   As a result of the foregoing, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CARLOS RODRIGUEZ and ANGEL RODRIGUEZ demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
October 19, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for CARLOS RODRIGUEZ
and ANGEL RODRIGUEZ
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:      s/ Brett Klein_____
BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CARLOS RODRIGUEZ and ANGEL RODRIGUEZ,

                             Plaintiffs,

           -against-

CITY OF NEW YORK, THOMAS UNDERWOOD, Individually,
JOSEPH IABONI, Individually, MATTHEW JOZWICKI,
Individually, DEVIN LONG, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                             Defendants.

17 CV 1179
(FB) (RLM)

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132